IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GREGORY WASHINGTON VALIN, | ) | Civil No.: 3:12-cv-02008-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Gregory Washington Valin
9333 N. Lombard St #14
Portland, OR 97203

　　　Plaintiff Pro Se


S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

       Courtney M. Garcia
       Social Security Administration
       Office of the General Counsel
       701 Fifth Avenue, Suite 2900, M/S 221A
       Seattle, WA 98104

           Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Gregory Valin brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI). The Commissioner moves to dismiss the action for lack of jurisdiction. The motion should be granted.

## Discussion

Plaintiff filed applications for DIB and SSI on January 19, 2009. After his applications were denied initially and upon reconsideration, he timely requested a hearing before an Administrative Law Judge (ALJ).

A hearing was held before ALJ Sue Leise on September 12, 2011. In a decision filed on October 28, 2011, ALJ Leise found that Plaintiff was not disabled within the meaning of the Social Security Act. That decision became the final decision of the Commissioner on July 19, 2012, when the Appeals Council denied Plaintiff's request for review.

On November 8, 2012, Plaintiff filed the present action challenging the Commissioner's conclusion that he is not disabled. Though he had been represented by counsel in earlier proceedings, he brings this action *pro se*.

A claimant may seek judicial review of a final decision of the Commissioner by bringing an action in federal court within 60 days of receiving notice of the decision. 42 U.S.C. § 405(g). The notice is presumed to be received within 5 days of the date it is mailed. 20 C.F.R. § 422.210(c)  Upon a showing of good cause, the Appeals Council may extend the time for filing an action challenging the Commissioner's decision. Id.

The Commissioner has submitted unrebutted evidence that notice of the Appeals Council's denial of the request for review was mailed to both Plaintiff and Plaintiff's counsel on July 19, 2012. She has also submitted unrebutted evidence that the Appeals Council has no records indicating that Plaintiff requested additional time in which to file a complaint in this court, and did not extend the time allowed for bringing the present action. Under these circumstances, Plaintiff was required to file his complaint in the present action by September 24, 2012, which is 65 days after the Appeals Council denied his request for review.

The Commissioner contends that this action should be dismissed because final decisions may be reviewed only as provided for in the Act, and Plaintiff has filed this action well beyond the time permitted under 42 U.S.C. § 405(g). I agree. Judicial review of the Commissioner's decisions is permitted only as provided in Section 405. 42 U.S.C. § 405(h).  Plaintiff filed his complaint on November 8, 2012, 45 days after the deadline for bringing this action had passed. The Commissioner's motion to dismiss should be granted.

## Conclusion

The Commissioner's motion to dismiss (#14) should be GRANTED and a Judgment should be entered dismissing this action.

FINDINGS AND RECOMMENDATION - 3

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 18, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 30th day of October, 2013.

      /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge